841 F.2d 1126
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Henry MACLIN, Plaintiff-Appellant
v.
Billy W. COMPTON, Warden, et al., Defendants-Appellees.
 No. 87-5592.
 United States Court of Appeals, Sixth Circuit.
 March 3, 1988.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and MARKEY, Chief Circuit Judge.*
 
 ORDER
 
 1
 This pro se Tennessee state prisoner appeals the district court's sua sponte dismissal as frivolous under 28 U.S.C. Sec. 1915(d) of his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Naming as defendants the Fort Pillow Prison Farm warden, assistant warden of security, an unidentified check-point officer and an unidentified captain, plaintiff alleged that during visiting hours on Sunday, February 15, 1987, an attorney who had traveled from Memphis to consult with plaintiff about a pending case in which the attorney had agreed to represent him was refused permission to see plaintiff. The district court dismissed the action without serving the complaint because it determined that the individual supervisory defendants could not be held liable under the doctrine of respondeat superior, and that the plaintiff had failed to state a claim "against any named and indentifiable defendant on whom service can be made...."
 
 
 3
 Upon review, we conclude that dismissal of the complaint against the warden and assistant warden was proper for the reasons suggested by the district court. See Monell v. Dep't of Social Services, 436 U.S. 658 (1987). We are not persuaded that the claims against the as-yet unidentified check-point officer and captain are frivolous, however. The judgment is therefore affirmed as to the named defendants and reversed as to the unnamed defendants. Rule 9(b)(5), Rules of the Sixth Circuit. The case is remanded with instructions that the plaintiff be allowed to attempt to discover the identity of the unnamed defendants through normal discovery proceedings.
 
 
 
 *
 The Honorable Howard T. Markey, Chief Judge, U.S. Court of Appeals for the Federal Circuit, sitting by designation